UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DODD,

          Petitioner,

v.                                          CAUSE NO. 3:19-CV-312-DRL-MGG

WARDEN,

          Respondent.

## OPINION & ORDER

Richard Dodd, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC 17-12-97) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of unauthorized possession of property belonging to others in violation of Indiana Department of Correction Offense 215. Following a disciplinary hearing, he was sanctioned with a loss of thirty days earned credit time.

Mr. Dodd argues that he is entitled to habeas relief because the hearing officer had insufficient evidence to support of finding of guilt under Offense 215. He concedes that he had another inmate's property in his possession but contends that Offense 215 applies solely to state property.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Mr. Dodd defines Offense 215 too narrowly. Under departmental regulations, Offense 215 is defined as "[u]nauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." Indiana Dept. of Correction, Adult Disciplinary Process,

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The administrative record includes a conduct report stating that, on December 8, 2017, correctional staff searched Mr. Dodd's cell and found another inmate's legal mail. It also includes Mr. Dodd's statement that this inmate gave him a copy of his plea agreement for his review and opinion. This evidence suggests that Mr. Dodd was guilty of possessing property belong to another and thus constitutes some evidence. Therefore, the claim that the hearing officer had insufficient evidence to find him guilty of Offense 215 is not a basis for habeas relief.

Mr. Dodd further argues that he should have instead been found guilty of Offense 353, a lesser offense that prohibited the unauthorized possession of "personal property." However, even if Mr. Dodd also violated Offense 353, he was not constitutionally entitled to be charged with the lesser offense. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974) (listing procedural requirements for prison disciplinary proceedings); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding requirements beyond those provided by *Wolff*). Therefore, the argument that Mr. Dodd should have been charged with a lesser offense is not a basis for habeas relief.

Mr. Dodd argues that he is entitled to habeas relief because it is unconstitutional to discipline an inmate for assisting another inmate with legal issues. He cites *Johnson v. Avery*, 393 U.S. 483 (1969), which holds that states may not prohibit inmates from assisting other inmates with preparing petitions for post-conviction relief absent some reasonable alternative for legal assistance. However, *Johnson* does not apply here because the State of Indiana appoints counsel for criminal defendants to provide legal assistance in connection with plea agreements, Ind. Code. §§ 33-40-1-2; 33-40-2-2, and the proposed plea agreement indicates that the other inmate had such counsel. Because the other inmate had a reasonable alternative for legal assistance, the argument that Mr. Dodd was disciplined for providing another inmate with legal assistance is not a basis for habeas relief.

Finally, Mr. Dodd argues that he is entitled to habeas relief because his cell was searched in retaliation for filing a lawsuit against correctional staff. "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. Appx. 690, 693 (7th Cir. 2001) (citing *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)). Consequently, this argument is not a basis for habeas relief.

Because Mr. Dodd has not demonstrated a valid basis for habeas relief, the petition is denied. If Mr. Dodd wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Richard Dodd leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

April 21, 2020                                                    *s/ Damon R. Leichty*
                                                                          Judge, United States District Court